# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 13, 2022

## EMILY DAILY FULLER v. CHRISTOPHER MARK FULLER

**Appeal from the Circuit Court for Hamilton County**
**No. 17D1102 L. Marie Williams, Judge**

_____

## No. E2022-00701-COA-R3-CV

_____

Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Harold Lebron North, Jr., Chattanooga, Tennessee, for the appellant, Christopher Mark Fuller.

Glenna M. Ramer, Chattanooga, Tennessee, for the appellee, Emily Daily Fuller.

## MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of*

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The order appealed from does not appear to be a final appealable judgment because Emily Daily Fuller filed a petition for contempt on April 5, 2022, and the record is devoid of an order addressing this petition. Appellant responded to our show cause order and asserted that the Trial Court's November 19, 2021 and January 5, 2022 orders disposed of the outstanding petition for contempt.[2] Because Emily Daily Fuller did not file her petition for contempt until April 5th of 2022, it is not possible for the orders entered by the Trial Court *prior* to April 5, 2022 to have disposed of the April 5, 2022 petition for contempt. Additionally, this Court notes that the April 5, 2022 petition for contempt raised issues that arose "[s]ince February 1, 2022," which is after entry of the Trial Court's November 19, 2021 and January 5, 2022 orders. Appellant has failed to show that a final appealable judgment has been entered.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). Because the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Christopher Mark Fuller, for which execution may issue.

**PER CURIAM**

---

[2] The November 19, 2021 and January 5, 2022 orders addressed a previous petition for contempt filed by Ms. Fuller in May of 2019.